UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARTIN O. KOSICH, M.D.,

        **Plaintiff,**

      v.                                    1:06-CV-246
                                                    (FJS/DRH)

NEW YORK STATE DEPARTMENT OF
HEALTH, THE BUREAU OF
PROFESSIONAL MEDICAL CONDUCT,
and THE STATE OF NEW YORK,

        **Defendants.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**GALVIN AND MORGAN**                **JAMES E. MORGAN, ESQ.**
217 Delmar Avenue                       **M. SHEILA GALVIN, ESQ.**
Delmar, New York 12054
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **DAVID L. COCHRAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

                              **MEMORANDUM-DECISION AND ORDER**

                                       **I. INTRODUCTION**

      On February 27, 2006, Plaintiff filed his complaint in this action,[1] together with an Order

---

[1] Plaintiff's complaint is eighty-two pages in length and includes 440 separately-numbered paragraphs and twenty-one causes of action. Plaintiff claims violations of his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights. Although not entirely clear, Plaintiff also appears to claim that Defendants have violated his rights under certain federal statutes and regulations as well as Article 1, §§ 1, 8 of the United States Constitution. Finally, it appears that Plaintiff is

(continued...)

to Show Cause seeking a Temporary Restraining Order, a stay of the proceedings until the Court rendered its decision regarding his motion for a Temporary Restraining Order, and an Order requiring Defendants to remove their Determination regarding him from their website and enjoining them from any further publication of that Determination pending the outcome of this action. *See* Dkt. Nos. 1, 3. By Order dated March 1, 2006, the Court denied Plaintiff's motion for an Order to Show Cause and for a Temporary Restraining Order. *See* Dkt. No. 4 at 1-2. The Court also established a briefing schedule for the parties regarding Plaintiff's motion for a preliminary injunction and originally scheduled oral argument regarding that motion for April 18, 2006. At the parties' request, the Court rescheduled oral argument for August 15, 2006. After reviewing the parties' submissions, the Court concluded that oral argument was unnecessary and informed the parties that it would resolve the motion based upon their submissions. The following constitutes the Court's written determination with respect to the pending motion.

---

¹(...continued)
also asserting a state law claim for tortious interference with contract based upon his claim that Defendants are interfering with his ability to treat his patients. All of these claims apparently arise from a hearing that Defendants conducted that resulted in the revocation of Plaintiff's license to practice medicine. *See* Complaint at Exhibit "H" at 29.

     In response to Plaintiff's complaint, Defendants filed a motion to dismiss on the ground that Plaintiff's complaint did not comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 13. In the alternative, Defendants requested that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. *See id.*

## II. DISCUSSION

**A.     Eleventh Amendment**

The Court has no authority to address the merits of Plaintiff's motion because the Eleventh Amendment strips this Court of subject matter jurisdiction over Plaintiff's claims. *See Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) (citations omitted). It is well-established that "[t]he Eleventh Amendment . . . bars suits [against a state or its departments or agencies] that seek either money damages, . . . or injunctive relief . . . ." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) (internal citations omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 88, 100 (1984) (noting that "[i]t is clear, . . ., that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . [and that] [t]his jurisdictional bar applies regardless of the nature of the relief sought. . . ." (internal citations omitted)).[2] Moreover, it is equally well-settled that "a state cannot be sued under § 1983, . . ., and that this rule applies 'to States or governmental entities that are considered "arms of the state" for Eleventh Amendment purposes.'" *Komlosi v. N.Y.S. OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (internal citation and other citations omitted).

In his complaint, the only Defendants that Plaintiff names are the State of New York and two of its agencies or departments, the New York State Department of Health and the Bureau of Professional Medical Conduct. Thus, it is clear that the Eleventh Amendment bars Plaintiff's

---

[2] Although "there are two recognized exceptions to the [Eleventh Amendment] bar: when Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment, and where a state consents to be sued[,]" *McGinty*, 251 F.3d at 91 (citation omitted), Plaintiff does not allege, either in his complaint or in his papers in support of his motion for a preliminary injunction that either of these exceptions applies.

complaint in its entirety and that this Court lacks subject matter jurisdiction over this action.[3]

**B.      Rule 11 sanctions**

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."  Fed. R. Civ. P. 11(c).[4]  Moreover, the court may initiate this process by "enter[ing] an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."  Fed. R. Civ. P. 11(c)(1)(B).

---

[3] The Court notes that, although Plaintiff filed a reply affidavit in further support of his motion for a preliminary injunction, he did not address Defendants' Eleventh Amendment argument.

[4] Subdivision (b) provides, in pertinent part, that,

> [b]y presenting the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, – . . .
>
> \* \* \* \* \* \* \* \* \* \*
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . .

Fed. R. Civ. P. 11(b).

As a preliminary matter, the Court notes that this is not the first time that it has found it necessary to instruct Mr. Morgan and Ms. Galvin about Eleventh Amendment jurisprudence.[5] In fact, in *Gaboury v. Town of Roxbury*, No. 98-CV-1753, 1999 WL 244829 (N.D.N.Y. Apr. 19, 1999), Judge McAvoy not only dismissed the claims that Mr. Morgan and Ms. Galvin had asserted on their clients' behalf against the state defendants on Eleventh Amendment grounds but also raised the issue of whether sanctions were appropriate under Rule 11 given that, among other things, they "should have been aware of the fundamental subject matter jurisdiction issue imposed by the Eleventh Amendment . . . ." *Id.*, 1999 WL 244829, at *1. Therefore, pursuant to Rule 11, Judge McAvoy instructed these attorneys to show cause why he should not impose sanctions against them. After reviewing their arguments in response to his instructions, Judge McAvoy noted that

> the problem is . . . that [Mr. Morgan and Ms. Galvin] did not make a reasonably [sic] inquiry into whether their "claims . . . and other legal contentions [in the complaint were] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). In particular, [Mr. Morgan and Ms. Galvin] did not reasonably inquire into the fundamental question of this Court's subject matter jurisdiction over the claims against the State Defendants in light of the Eleventh Amendment . . . .

*Id.* at *2.

Judge McAvoy explained further that

> had plaintiffs conducted an objectively reasonable inquiry into

---

[5] The Court also notes that, after more than twenty-five years of practicing in this District, Mr. Morgan and Ms. Galvin have apparently not mastered the art of drafting a complaint that complies with the requirement of Rule 8(a) of the Federal Rules of Civil Procedure that a pleading "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

> Eleventh Amendment jurisprudence, they would have learned that naming the State, a State agency, or state official in his official capacity in a complaint seeking monetary damages are the quintessential situations where the Eleventh Amendment acts to deprive a federal court of subject matter jurisdiction.

*Id.* at *3 (citations omitted).

"Furthermore, nowhere in the Complaint or their opposition papers did [Mr. Morgan and Ms. Galvin] assert that the State Defendants waived their Eleventh Amendment immunity or that Congress expressly abrogated it.  Accordingly, asserting any claims against the State Defendants was objectively unreasonable under the circumstances of this case." *Id.*  For all of these reasons, Judge McAvoy imposed sanctions against Mr. Morgan and Ms. Galvin, including "complet[ion] of eight hours of a state-approved continuing legal education course on Federal Practice or Federal Civil Rights Litigation . . . ." *Id.*

After reviewing Plaintiff's submissions in this case, which suffer from the same deficiencies as those at issue in *Gaboury*, the Court concludes that Mr. Morgan and Ms. Galvin have either learned nothing as a result of Judge McAvoy's discussion of Eleventh Amendment jurisprudence in *Gaboury* and their completion of the required eight hours of continuing legal education or have chosen to ignore what they should have learned.[6]  Moreover, the Court finds it troubling that Mr. Morgan and Ms. Galvin, despite having practiced in this District for more than twenty-five years, continue to assert claims on behalf of their clients against the State of New

---

[6] The Court also notes that, on at least two other occasions, Mr. Morgan and Ms. Galvin have represented clients in actions in which this Court has dismissed at least some of the claims that they asserted on their clients' behalf on the ground of Eleventh Amendment immunity. *See Salvador v. Lake George Park Comm'n*, 1:98CV1987, 2001 WL 1574929 (N.D.N.Y. Mar. 28, 2001) (Scullin, C.J.); *Fiedler v. State of N.Y.*, 95-CV-1557, 1998 WL 903637 (N.D.N.Y. Dec. 23, 1998) (McAvoy, C.J.).

York and/or its departments and agencies despite this Court's repeated admonitions and the well-established principles of Eleventh Amendment immunity. Therefore, in accordance with the procedures set forth in Rule 11, the Court hereby informs Mr. Morgan and Ms. Galvin that it appears that they did not make a reasonable inquiry into whether "the claims, defenses, and other legal contentions" that they included in Plaintiff's complaint, the papers in support of Plaintiff's motion for a preliminary injunction, the papers in response to Defendants' opposition to that motion, and the proposed amended complaint "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . ." Fed. R. Civ. P. 11(b)(2). Accordingly, the Court hereby directs Mr. Morgan and Ms. Galvin to show cause why they have not violated Rule 11(b)(2) and why, if this Court finds that such a violation has occurred, it should not impose sanctions against them for violating Rule 11(b)(2).

### III. CONCLUSION

After reviewing the entire file in this action, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for a preliminary injunction is **DENIED** because this Court does not have subject matter jurisdiction over this action; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED AS MOOT**;[7] and the Court further

---

[7] The Court notes that, in response to Defendants' motion to dismiss, Plaintiff filed a proposed amended complaint, which names the same entities as Defendants and, thus, does not save this action from dismissal.

**ORDERS** that Mr. Morgan and Ms. Galvin show cause why they have not violated Rule 11(b)(2) in the manner noted above and why, if the Court finds that they have violated said Rule, the Court should not impose sanctions against them for such violation. In this regard, the Court instructs Mr. Morgan and Ms. Galvin to file with the Court a letter brief, not to exceed five pages, setting forth their position regarding this matter on or before **September 15, 2006**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: August 21, 2006
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge